**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

---

IN RE:                                                                Bky. No. 11-35671

Dale J. Kirchoff,                                          Chapter 7

         Debtor.

---

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL ANNUITY**

---

TO:      The debtors and other entities specified in Local Rule 9013-3.

1. Terri A. Running, the Trustee of the bankruptcy estate of the above-named debtor, moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at 11:00 a.m. on February 26, 2014 at the United States Courthouse, 316 North Robert Street, Courtroom 2A, St. Paul, Minnesota 55101.

3. Any response to this motion must be filed and served not later than February 19, 2014, which is seven days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bank. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 7 case was filed on September 7, 2011. The case is now pending in this court.

5. This motion arises under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1. Movant requests authority to sell a structured settlement annuity that is property of the estate.

6. At the time of the commencement of the case, the debtor owned an interest in a structured settlement annuity issued by American Family Insurance Group pursuant to claim number 411-065482-0200, as a result of an injury or loss sustained on September 2, 1992. As of the commencement of this case, the only payment remaining under said annuity was, and is, a single payment in the amount of $19,172.93, payable February 14, 2015. The debtor's interest in said annuity and payment are herein referred to as the "Annuity."

7. The Annuity was properly scheduled as an asset of the debtor. It was not claimed as exempt, in whole or in part. The Annuity and the payment right thereunder are property of the bankruptcy estate, free and clear of any claim by the debtor or any other party.

8. The trustee has solicited an offer to purchase the Annuity from Stone Street Capital, in the amount of $14,014.07.  Trustee believes that sale of the annuity is in the best interest of the creditors and the estate, in that it will allow the case to be administered and closed approximately one year earlier than otherwise.

9. Sale of a structured settlement annuity is governed by Minnesota Statutes and by the Internal Revenue Code.  The purpose of the Minnesota statutory scheme, Minn. Stat. sections 549.31 et seq., is to protect the holder of an annuity from predatory or other disadvantageous practices by annuity purchasers.  Even though the bankruptcy estate is not within the class protected by these statutes, the annuity purchaser is requiring that the Trustee procure an order of this court finding that the proposed transaction complies with these statutes.  Further, Internal Revenue Code section 5891 (26 USC 5891) which governs taxation of the purchase of annuities, refers specifically to an order of a "state" court approving the transfer.  Therefore, the annuity purchaser is requiring that a corresponding order of the Minnesota State courts be obtained, at its own expense.

10. The remainder of this motion, and the provisions of the accompanying proposed "Order Approving Sale of Annuity," recite the terms required by Minnesota Statutes and authorize the procurement of a state court order.

11. Trustee moves the court to enter its findings as follows:

"The proposed transaction falls with the provisions of Minnesota Statutes Section 549.31 et seq. In regard to the requirements of said statutes, the court finds:

> (a) the transfer complies with the requirements of sections 549.31 to 549.34 and will not contravene other applicable law;
> (b) not less than ten days before the date on which the payee first incurred an obligation with respect to the transfer, the transferee has provided to the payee a disclosure statement in bold type, no smaller than 14 points, specifying:
>> (1) the amounts and due dates of the structured settlement payments to be transferred;
>> (2) the aggregate amount of the payments;
>> (3) the discounted present value of the payments, together with the discount rate used in determining the discounted present value;
>> (4) the gross amount payable to the payee in exchange for the payments;
>> (5) an itemized listing of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, referral fees, administrative fees, legal fees, notary fees, and other commissions, fees, costs, expenses, and charges payable by the payee or deductible from the gross amount otherwise payable to the payee;
>> (6) the net amount payable to the payee after deduction of all commissions, fees, costs, expenses, and charges described in clause (5);
>> (7) the quotient, expressed as a percentage, obtained by dividing the net payment amount by the discounted present value of the payments; and
>> (8) the amount of any penalty and the aggregate amount of any liquidated damages, including penalties, payable by the payee in the event of a breach of the transfer agreement by the payee;
> (c) the payee has established that the transfer is in the best interests of the payee and the payee's dependents;
> (d) the payee has received independent professional advice regarding the legal, tax, and financial implications of the transfer;
> (e) the transferee has given written notice of the transferee's name, address, and taxpayer identification number to the annuity issuer and the structured settlement obligor and has filed a copy of the notice with the court or responsible administrative authority; and

(f) that the transfer agreement provides that any disputes between the parties will be governed, interpreted, construed, and enforced in accordance with the laws of this state and that the domicile state of the payee is the proper place of venue to bring any cause of action arising out of a breach of the agreement. The transfer agreement must also provide that the parties agree to the jurisdiction of any court of competent jurisdiction located in this state."

12. Trustee moves the court to enter its order as follows:

"(i) That the Trustee's proposed sale of the Annuity is approved.
(ii) That the parties to the transaction are authorized to obtain a corresponding order from the Minnesota state courts, in order to comply with 26 U.S.C. 5891.
(iii) That the stay provided by Bankruptcy Rule 6004(h) is hereby waived."

WHEREFORE, the Trustee prays that the Court enter its findings and order accordingly.

Dated: January 16, 2014           Signed:   /e/ Terri A. Running
                                            Trustee in Bankruptcy
                                            P.O. Box 583454
                                            Minneapolis, MN 55458
                                            (612) 279-2660
                                            (612) 279-2666 *facsimile*

**Verification**. I, Terri A. Running, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: January 16, 2014                              Signed:   /e/ Terri A. Running

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:   Dale Kirchoff,                                     Chapter 7
                                                            Bky Case No. 11-35671
                 Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

I, Jesse A. Horoshak, hereby certify that on January 16, 2014, I caused the following documents:

   (1) Trustee's Motion for Authority to Sell Annuity; (2) Unsworn Declaration for Proof of Service; and (3) Order Approving Sale of Annuity

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the same to be mailed to the following.

Dale Kirchoff
Po Box 254
Harris, MN  55032

**SEE ATTACHED FOR FULL SERVICE LIST**

and I declare under penalty of perjury that the foregoing is true and correct.

Date:  January 16, 2014                              */e/ Jesse A. Horoshak*

```
Label Matrix for local noticing       U.S. Bank National Association      St Paul
0864-3                                 4500 Park Glen Road                 200 Warren E Burger Federal Building and
Case 11-35671                          Suite 300                           US Courthouse
District of Minnesota                  St. Louis Park, MN 55416-4891       316 N Robert St
St Paul                                                                    St Paul, MN 55101-1465
Thu Jan 16 14:02:46 CST 2014

CAPITAL ONE BANK USA                   Capital One Bank (USA), N.A.        (p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 60599                           by American InfoSource LP as agent  PO BOX 3025
CITY OF INDUSTRY CA 91716-0599         PO Box 71083                        NEW ALBANY OH 43054-3025
                                       Charlotte, NC  28272-1083


Discover Bank                          FAIRVIEW CLINICS                    FAIRVIEW HEALTH SERVICES
DB Servicing Corporation               PO BOX 9372                         400 STINSON BLVD NE
PO Box 3025                            MINNEAPOLIS MN 55440-9372           MINNEAPOLIS MN 55413-2613
New Albany, OH  43054-3025


HSBC CARD SERVICES                     JC CHRISTENSEN & ASSOC              LAKE STATE FEDERAL CREDIT UNION
PO BOX 9600                            PO BOX 519                          PO BOX 330
CAROL STREAM IL 60128-1960             SAUK RAPIDS MN 56379-0519           MOOSE LAKE MN 55767-0330


MESSERLI & KRAMER                      (p)PORTFOLIO RECOVERY ASSOCIATES LLC (p)US BANK
3405 ANNAPOLIS LANE N                  PO BOX 41067                        PO BOX 5229
PLYMOUTH MN 55447-5342                 NORFOLK VA 23541-1067               CINCINNATI OH 45201-5229


US BANK HOME MORTGAGE                  US Trustee                          DALE J KIRCHOFF
PO BOX 21948                           1015 US Courthouse                  PO BOX 254
EAGAN MN 55121-0948                    300 S 4th St                        HARRIS, MN 55032-0254
                                       Minneapolis, MN 55415-3070


Robert J. Hoglund                      Terri A. Running                    Thomas F Miller
Hoglund, Chwialkowski & Mrozik, PLLC   PO Box  583454                      Thomas F. Miller, P.A.
1781 West County Road B                Minneapolis, MN 55458-3454          1000 Superior Blvd Ste 303
P.O. Box 130938                                                            Wayzata, MN 55391-1873
Roseville, MN 55113-0019



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



DISCOVER                               PORTFOLIO RECOVERY ASSOC            (d)Portfolio Recovery Associates, LLC
PO BOX 3007                            PO BOX 12914                        c/o Gm
NEW ALBANY OH 43054                    NORFOLK VA 23541                    POB 12914
                                                                           Norfolk VA 23541


US BANK                                (d)US BANK N.A.                     End of Label Matrix
PO BOX 790408                          BANKRUPTCY DEPARTMENT               Mailable recipients    20
SAINT LOUIS MO 63179-0408              P.O. BOX 5229                       Bypassed recipients     0
                                       CINCINNATI, OH 45201-5229           Total                  20
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

IN RE:                                                                                                                Bky. No. 11-35671

Dale J. Kirchoff,                                                                                Chapter 7

        Debtor.

---

**ORDER APPROVING SALE OF ANNUITY**

---

This matter came on for hearing pursuant to the Trustee's Motion for Approval of Sale of Annuity. Appearances, if any, were as noted in the record.

Upon the advice and arguments of counsel, and upon all of the files, records, and proceedings herein,

THE COURT FINDS:

1. This case was commenced on September 7, 2011, upon the filing of a voluntary petition by the debtor. The case remains pending under said chapter.

2. Terri A. Running, Esq. was appointed trustee, and continues to serve in such capacity.

3. At the time of the commencement of the case, the debtor owned an interest in a structured settlement annuity issued by American Family Insurance Group pursuant to claim number 411-065482-0200, as a result of an injury or loss sustained on September 2, 1992. As of the commencement of this case, the only payment remaining under said annuity was, and is, a single payment in the amount of $19,172.93, payable February 14, 2015. The debtor's interest in said annuity and payment are herein referred to as the "Annuity."

4. The Annuity was properly scheduled as an asset of the debtor. It was not claimed as exempt, in whole or in part. The Annuity and the payment right there under are property of the bankruptcy estate, free and clear of any claim by the debtor or other any other party.

5. The trustee has solicited an offer to purchase the Annuity from Stone Street Capital, in the amount of $14,014.07.

6. The trustee or the clerk has provided proper notice of this proposed transaction to all parties in interest, pursuant to applicable rules. No objection has been made within the time provided therefore.

7. The court finds the proposed transaction to be in the best interests of the estate.

8. The proposed transaction falls within the provisions of Minnesota Statutes Section 549.31 et seq. In regard to the requirements of said statutes, the court finds:

> (a) the transfer complies with the requirements of sections 549.31 to 549.34 and will not contravene other applicable law;
> (b) not less than ten days before the date on which the payee first incurred an obligation with respect to the transfer, the transferee has provided to the payee a disclosure statement in bold type, no smaller than 14 points, specifying:
>> (1) the amounts and due dates of the structured settlement payments to be transferred;
>> (2) the aggregate amount of the payments;
>> (3) the discounted present value of the payments, together with the discount rate used in determining the discounted present value;
>> (4) the gross amount payable to the payee in exchange for the payments;
>> (5) an itemized listing of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, referral fees, administrative fees, legal fees, notary fees, and other commissions, fees, costs, expenses, and charges payable by the payee or deductible from the gross amount otherwise payable to the payee;
>> (6) the net amount payable to the payee after deduction of all commissions, fees, costs, expenses, and charges described in clause (5);

      (7) the quotient, expressed as a percentage, obtained by dividing the net payment amount by the discounted present value of the payments; and

      (8) the amount of any penalty and the aggregate amount of any liquidated damages, including penalties, payable by the payee in the event of a breach of the transfer agreement by the payee;

(c) the payee has established that the transfer is in the best interests of the payee and the payee's dependents;

(d) the payee has received independent professional advice regarding the legal, tax, and financial implications of the transfer;

(e) the transferee has given written notice of the transferee's name, address, and taxpayer identification number to the annuity issuer and the structured settlement obligor and has filed a copy of the notice with the court or responsible administrative authority; and

(f) that the transfer agreement provides that any disputes between the parties will be governed, interpreted, construed, and enforced in accordance with the laws of this state and that the domicile state of the payee is the proper place of venue to bring any cause of action arising out of a breach of the agreement. The transfer agreement must also provide that the parties agree to the jurisdiction of any court of competent jurisdiction located in this state.

THE COURT THEREFORE ORDERS:

1. That the Trustee's proposed sale of the Annuity is approved.

2. That the parties to the transaction are authorized to obtain a corresponding order from the Minnesota state courts, in order to comply with 26 U.S.C. 5891.

3. That the stay provided by Bankruptcy Rule 6004(h) is hereby waived.


Dated:

                                                                                                             _____

                                                                  Gregory F. Kishel
                                                                  Chief United States Bankruptcy Judge